

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

**FILED**
**Dec 23, 2025**
**07:34 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

| | |
|---|---|
| William A. Inman, III | Docket No. 2025-70-0855 |
| v. | State File No. 29996-2022 |
| Maclean Fogg Co., et al. | |

Appeal from the Court of Workers'
Compensation Claims
Amber E. Luttrell, Judge

---

**Affirmed and Remanded**

---

The employee questions the trial court's denial of benefits in this interlocutory appeal. The employee filed a petition for benefit determination in February 2025 for a back injury that occurred on March 29, 2022. Although the employer originally accepted the compensability of the accident and authorized certain medical treatment, the employer denied the claim after the employee filed his petition, asserting the statute of limitations had expired. After an expedited hearing, the court found the employee did not come forward with sufficient evidence to indicate a likelihood of prevailing at trial as to the statute of limitations issue and denied the employee's request for benefits. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's interlocutory decision and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

William A. Inman, III, Trenton, Tennessee, employee-appellant, pro se

G. Gerard Jabaley, Knoxville, Tennessee, for the employer-appellee, Maclean Fogg Co.[1]

---

[1] Throughout the record, Employer is variously referenced as Maclean Fogg Co., Maclean Power, Maclean Power Systems, and MacLean Power Systems. For purposes of this opinion, we use the same designation that appears in the trial court's expedited order.

**Memorandum Opinion[2]**

William A. Inman, III ("Employee"), reported feeling a pull in his lower back while loading parts for Maclean Fogg Co. ("Employer") on March 29, 2022. After receiving notice of the accident, Employer accepted the claim as compensable and authorized initial treatment with Dr. Peter Gardner, who ordered physical therapy. Employee completed the physical therapy but continued to complain of midline back pain. Dr. Gardner referred Employee to an orthopedic specialist, Dr. Michael Cobb, who initially saw Employee in August 2022.

Dr. Cobb reviewed Employee's medical records, including an MRI that had been conducted the month before, and stated that he "did not see any structural reasons for [Employee's] prolonged back pain." He indicated Employee's work was "stressful on his back" and recommended smoking cessation. He also suggested Employee "consider seeing a pain specialist" for injections. On September 6, 2022, Dr. Cobb completed a Final Medical Report ("Form C-30A"), at Employer's request, on which he indicated Employee had reached maximum medical improvement on August 16, 2022, with no permanent medical impairment.

Thereafter, the record contains no evidence of additional medical treatment or action by Employee. On January 21, 2025, Employer terminated Employee due to poor attendance. On February 10, 2025, Employee filed a petition for benefit determination ("PBD") listing his March 29, 2022 back injury and further stating he had "reinjured [his back] and [Employer] failed to do a work injury form." Employer denied Employee's claim, asserting the statute of limitations had expired.[3]

At the expedited hearing, Employee testified that the injury actually occurred on March 26, 2022, but Employer did not prepare a report until March 29, 2022.[4] Employee testified he was aware Dr. Cobb completed a Form C-30A in September 2022 and that he did not ask Employer for any more medical care until he either re-injured or had a new

[2] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

[3] On the February 10, 2025 PBD, Employee listed his "date of injury" as "3-29-2022." In Section C of the PBD form, Employee described his course of treatment and wrote, "I re-injured it and [Employer] failed to do a work injury form." However, Employee did not identify the date of this alleged re-injury on the PBD. The next document in the technical record, which is not stamped "Filed," appears to be a summary of relevant events prepared by Employee. It suggests the "re-injury" occurred on February 29, 2024, which is less than one year prior to the filing of the PBD. It is unclear whether this document was properly included in the record and/or considered by the trial court in its assessment of the timeliness of Employee's PBD.

[4] The record does not contain a transcript of the expedited hearing conducted in this matter. We have gleaned the arguments and representations of the parties during the hearing from the trial court's order and other documentation contained in the record.

injury to his back on February 29, 2024. Employer presented evidence indicating that it paid the last medical bill associated with the March 29, 2022 injury on September 18, 2022. Furthermore, Employer presented evidence that Employee had reported suffering a "personal injury" on February 29, 2024, not a work injury, and that he had not given notice of a new injury.

In its expedited hearing order dated October 7, 2025, the trial court found that the alleged February 29, 2024 incident was not properly before it and that Employee was not likely to prevail in proving he timely filed a PBD seeking benefits for the 2022 injury. As a result, the court denied Employee's request for additional benefits. Thereafter, Employee filed a notice of appeal, stating "I was waiting on a [Form] C-32 [a]nd other [m]edical [d]ocuments. My [s]ubpoenas [were thrown] out therefor[e] I don[']t feel like [m]y case was properly tried."[5] Employee also indicated he has more evidence for the court. Employee then filed numerous documents with the trial court, including but not limited to a Standard Form Medical Report (Form C-32), "an Object Order of Denial of Appeal," a proposed statement of the evidence, and a request for a new trial. The trial court declined to certify Employee's proposed statement of the evidence, concluding it was incomplete and contained argument more properly suited for an appellate brief. Employee did not file a brief on appeal. For its part, Employer argues in its brief that the trial court did not err in declining to award benefits.

As an initial matter, we note that we cannot consider evidence that was not presented to or considered by the trial court. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(2) (2023); *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). Accordingly, we decline to consider any of Employee's post-appeal filings that were not properly admitted into evidence and/or were unavailable for the trial court's consideration.

As noted above, Employee did not file a transcript of the hearing or a brief in support of his appeal. In the absence of a transcript, "the appellate court cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). Furthermore, as stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Resp. of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). "[W]here a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Id.* It is not our role to search the record for possible errors or to formulate a party's legal arguments

---

[5] In a separate order issued September 3, 2025, the trial court granted Employer's motion to quash Employee's subpoenas, concluding that they were not properly executed as required by Rule 45.01 of the Tennessee Rules of Civil Procedure and Tenn. Comp. R. and Regs. 0800-02-17-.17 (6)(c) (2023). That order was not appealed.

where that party has provided no meaningful argument or authority to support its position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019).

As we have stated previously, "an incomplete appellate record is fatal to an appeal, and a reviewing court must conclusively presume that the evidence presented supported the facts as found by the trial court." *Payne v. D & D Electric*, No. 2014-01-0023, 2014 TN Wrk. Comp. App. Bd. LEXIS 6, at *7 (Tenn. Workers' Comp. App. Bd. Dec. 17, 2014) (internal citations and quotation marks omitted). Here, Employee has presented nothing that calls into question the trial court's factual findings that: (1) the injury occurred on March 29, 2022; (2) the last voluntary payment made on the claim was issued September 18, 2022; and (3) Employee did not file his PBD until February 10, 2025, more than one year after the last voluntary payment. When an employer has paid benefits on a claim, a PBD must be filed within one year of the latter of the date of the last authorized treatment or the date the employer stopped paying benefits. *See* Tennessee Code Annotated § 50-6-203(b)(2) (2025). Hence, with respect to the March 29, 2022 accident, Employee has presented no evidence that he filed a PBD within the time allowed by statute. In short, we agree with the trial court's conclusion that Employee is not likely to prevail at trial in establishing he timely filed his PBD seeking any additional benefits for the March 29, 2022 accident.

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal have been waived.

4



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| William A. Inman, III | Docket No. 2025-70-0855 |
| v. | State File No. 29996-2022 |
| Maclean Fogg Co., et al. | |
| Appeal from the Court of Workers' Compensation Claims Amber E. Luttrell, Judge | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 23rd day of December, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| William A. Inman, III | | | | X | williaminman43@icloud.com |
| G. Gerard Jabaley | | | | X | gjabaley@wimberlylawson.com aburge@wimberlylawson.com |
| Amber E. Luttrell, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov